■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK J. GAGNON, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered July 7, 1981, convicting defendant upon his plea of guilty of the crime of robbery in the second degree. On June 23, 1981, defendant pleaded guilty to robbery in the second degree in full satisfaction of an indictment which charged him with two counts of robbery in the first degree and two counts of assault in the second degree. On July 7, 1981, he received an indeterminate sentence of not less than 4 nor more than 12 years. Defendant's crimes arose out of a holdup of Rappazzo's Ice Cream Store in Albany, New York, on December 8, 1980, and the taking of $119 after hitting the clerk, Carmela M. Manzi, on the head with a pellet gun and threatening her with the use of that gun. On this appeal, defendant claims error in the refusal of the trial court to suppress his statement, the gun, and the victim's identification of defendant in a lineup; the refusal of the trial court to grant a continuance of the hearing in order to permit defense counsel to obtain medical reports concerning "the possibility of a psychiatric defense" and the incapability of defendant to stand trial; and the excessiveness of the sentence. Following the receipt of a description of the robber by the investigating officer from the victim, a witness told the officer that she had observed an automobile in the area at the time of the robbery and that it was still parked in the vicinity. A check with the Motor Vehicles Department of the vehicle's plates revealed defendant as the owner. Defendant's description matched that given by the victim. Defendant was pulled over by the police while driving that vehicle and was arrested for driving while his operator's license was revoked. When informed that the vehicle would be towed pursuant to standard police rules and regulations, defendant stated that a gun was under the front seat. The gun was taken by the police and shown to the victim who said she thought it was the same gun used in the robbery. At the time of his arrest, defendant was

placed in a patrol car and he claimed that he told his mother, who was present, that she should call a lawyer. The arresting officer denied having heard any such request or that defendant's mother ever communicated such request to him. Defendant's mother told defendant that she did not think he needed a lawyer for questioning and if he did to call her from the station, to which he said "okay". Under these circumstances the trial court refused to suppress defendant's statement, finding that defendant had fully received and competently waived the *Miranda* warnings. The trial court further refused to suppress the gun, since it was taken pursuant to defendant's arrest and on defendant's statement as to its presence and location in his vehicle. The seizure of the coat that defendant wore during the robbery occurred at his home pursuant to his own written authorization; and the lineup in which the victim positively identified defendant was not unduly suggestive. Therefore, the trial court properly denied defendant's motion to suppress defendant's statement and the tangible evidence obtained against him. As to defendant's competency to proceed to trial, defense counsel was content to request a continuance because the medical report he was awaiting was to be submitted by a vacationing doctor. The defense counsel possessed at least one prior report and refused to submit it at the hearing. Nor is there any indication now that the awaited report would have shown defendant's incompetency to proceed. In response to the court's question, it conclusively appeared that defendant understood the charges, the courtroom procedures and could assist counsel in his defense. Therefore, the trial court did not abuse its discretion in denying a continuance of the hearing, and its finding of defendant's competency is amply supported in the record. In view of the seriousness of defendant's acts, the sentence imposed was clearly deserved. The judgment of conviction should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane and Casey, JJ., concur; Weiss, J., not taking part.